UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 1:13-cr-89 |
| v. | ) | |
| | ) | Judge Mattice |
| JOE JENKINS, | ) | Magistrate Judge Carter |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On November 10, 2014, United States Magistrate Judge Carter filed his Report and Recommendation (Doc. 650) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion to Suppress (Doc. 402) be denied. On December 22, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 670).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

## I. BACKGROUND

Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress on September 18-19, 2014, during which Agent James Hixson of the Chattanooga Police Department testified for the Government. In his Report and Recommendation, Magistrate Judge Carter recounted the facts developed at the evidentiary hearing. (Doc. 650 at 2-7). In large part, Defendant's objections do not

relate to the facts as outlined in Magistrate Judge Carter's Report and Recommendation.[1] Instead, Defendant's objections focus on the conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Carter's Report and Recommendation. ( *Id.* ) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II.    STANDARD OF REVIEW

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

As a preliminary matter, the Court notes that a party's objections must be "clear enough to enable the district court to discern those issues that are dispositive and contentious," and generally, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."  *Smith v. Woods*, 505 F. App'x 560, 564 (6th Cir. 2012).    In reviewing Defendant's objections, the Court finds that they consist in large part of reiterations of the original arguments raised in his Motion to Suppress Statements.  As Defendant has reiterated many of the same arguments in his objections rather than specifically objecting to Magistrate Judge Carter's Report and Recommendation, the Court finds that further analysis of these same issues would be cumulative and is unwarranted in light of Magistrate Judge Carter's well-reasoned and well-supported Report and Recommendation, in which he fully addressed Defendant's

---

[1] In the several instances where Defendant disagrees with Magistrate Judge Carter's recitation of facts, the Court has reviewed these objections and finds them to be harmless error.  See Doc. 670 at 8, 23.

Case 1:13-cr-00089-HSM-CHS   Document 727   Filed 03/12/15   Page 2 of 8   PageID #: 4936

arguments.[2]  Accordingly, the Court will solely address the specific objections raised by Defendant.

Defendant objects to Magistrate Judge Carter's Report and Recommendation on several bases: (1) it ignores the significance of the "reckless errors" in the affidavits supporting the wiretaps, which leave the affidavits "unreliable"; (2) it erred in concluding that there was sufficient probable cause to believe that the crime alleged in the affidavits would be uncovered by a wiretap; (3) it erred in concluding that the affidavits established that traditional techniques of investigation were inadequate to accomplish the purposes of the investigation and that a wiretap was necessary; (4) it erred in concluding that the Court's authorization of the wiretaps complied with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§2510-2520 ("Title III"); and (5) it adopted an improper standard when considering the minimization requirement identified in Title III.  (Doc. 670).  The Court will address each objection in turn.

Defendant's first objection regarding the "reckless errors" in the affidavits supporting the wiretaps was squarely addressed in Magistrate Judge Carter's Report and Recommendation. *See* Doc. 650 at 7-11.  Because Defendant raised issues regarding false statements made in the affidavits, even though Magistrate Judge Carter found that Defendant was not entitled to a *Franks* Hearing, he essentially permitted a *Franks* hearing by allowing Defendant to present evidence on this issue. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978); Doc. 650 at 10 n. 3 ("Defendant was not entitled to

---

[2] The Court reached this conclusion after reviewing the record, specifically including Defendant's objections and the supporting evidence, and the Court agrees with Magistrate Judge Carter's analysis and conclusions.

3

a hearing under *Franks v. Delaware*; however, allowing Defendant to have an evidentiary hearing in no way prejudiced him").

*Franks* established the procedure by which a defendant could seek the suppression of evidence by challenging the veracity of statements made by an affiant in order to secure a search warrant. "Counsel can attack the validity of a search warrant by alleging that the affidavit contains deliberately false statements." *United States v. Hill*, 142 F.3d 305, 309 (6th Cir.), *cert. denied*, 525 U.S. 898 (1998) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Under *Franks*, counsel can attack a search warrant at an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit. *See United States v. Jenkins*, 728 F.2d 396, 397 (6th Cir. 1984). "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks,* 438 U.S. at 156.

After the hearing on this issue, Magistrate Judge Carter concluded that the testimony did not support a conclusion that Agent Hixson knowingly or recklessly included untrue information in the affidavit. (Doc. 650 at 11). Although Defendant disagrees with this finding, Magistrate Judge Carter arrived at this conclusion after listening to Agent Hixson's testimony and evaluating his credibility. It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948)

4

("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). Upon review of Defendant's submissions and the determinative nature of Agent Hixson's testimony, the Court sees no reason to disturb Magistrate Judge Carter's finding, and Defendant's objection will be **OVERRULED**.

Defendant's next objections concern whether there was sufficient probable cause for the issuance of the wiretap and whether the Government met the necessity requirement under Title III. Specifically, Defendant contends that there was not sufficient probable cause and it was not necessary to issue wiretaps TT4, TT5, and TT8.

The United States Court of Appeals for the Sixth Circuit has stated that "[t]he basic standards for a wiretap are similar to those for a search warrant, but there also must be strict compliance with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§2510-2520." *United States v. v. Alfano*, 838 F.2d 158, 161-62 (6th Cir. 1988). Title III allows a court to issue a wiretap upon receiving an application complying with 18 U.S.C. § 2518(1) if the court determines that:

> (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter;
> (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception;
> (c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous;
> (d) except as provided in subsection (11), there is probable cause for belief that the facilities from which, or the place where, the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.

18 U.S.C. § 2518(3). The probable cause standard identified in Section 2518(3) does not require certainty, "but rather a fair probability and something more than mere suspicion." *United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011). The necessity requirement in Section 2518(3) exists to make sure that "wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 n. 12 (1974). However, the government "is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." *Alfano*, 838 F.2d at 163. For these determinations, the reviewing court gives "great deference" to the issuing judge because he or she is "is in the best position to determine all of the circumstances in the light in which they may appear at the time." *Id.* at 162.

The undersigned was the district court judge who authorized the wiretaps at issue. The Court has reviewed the relevant records for each wiretap and agrees with its original conclusion that there was probable cause that a wiretap would uncover evidence of the crimes being investigated and that a wiretap was necessary because traditional investigative procedures appeared unlikely to succeed. Additionally, in his Report and Recommendation, Magistrate Judge Carter also reviewed whether the standards in Section 2518(3) were met and found that there was "ample probable cause in the affidavit and that there was a fair probability that a wiretap would uncover evidence of a crime." (Doc. 650 at 14). While Defendant describes the probable cause as consisting of "tenuous link[s]," "bare bones statement[s]", and "unsupported assertions," the Court finds Defendant's characterizations of the evidence to be unconvincing considering the evidence before the Court at the time of issuance. Accordingly, as the Court finds that the wiretap complied with the standards identified in Section 2518(3), Defendant's

objections will be **OVERRULED**.  As the Court has concluded that there was probable cause to issue the wiretaps and that the affidavits supporting the wiretaps established necessity, Defendant's objection that "the issuing judge erred in concluding . . . that normal investigative procedures had been tried and had failed or were too dangerous" will also be **OVERRULED.**

For his final objection, Defendant submits that the standard used in the Report and Recommendation for determining whether a wiretap complied with the minimization requirement of Title III "effectively abolished the minimization requirement as to any call involving a suspected drug dealer." (Doc. 670 at 24). In support of his objection, Defendant has submitted several exhibits comprising of spreadsheets illustrating the duration of pertinent and non-pertinent calls. (*Id.* at 26).

As Magistrate Judge Carter discussed in his Report and Recommendation, an order authorizing a wiretap should require that the wiretap "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter." 18 U.S.C. § 2518(5).  Title III does not "forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations." *United States v. Patel*, 579 F. App'x 449, 457 (6th Cir. 2014), *as amended* (Oct. 21, 2014).  Whether nonrelevant conversations have been sufficiently minimized depends on "the facts and circumstances of each case."  *Id.*; *United States v. Gray*, 372 F. Supp. 2d 1025, 1045 (N.D. Ohio 2005) *aff'd*, 521 F.3d 514 (6th Cir. 2008) ("the percentage of non-pertinent calls may be high, yet the interception reasonable because of other factors, including the length of the call or the usage of ambiguous, coded language.").

The Court has reviewed the record relevant to this objection and agrees with Magistrate Judge Carter's conclusion that Defendant has not met his burden of establishing that the minimization in this case warrants suppression of the phone calls. The conspiracy at issue was wide-ranging with many participants, and the minimization efforts made by the agents (as supported by the testimony of Agent Hixson) does not appear to be unreasonable. At best, Defendant is able to identify isolated incidents of intercepted nonrelevant calls, which does not rise to level of unreasonable minimization. Accordingly, Defendant's objection will be **OVERRULED.**

As the Court has now addressed all of Defendant's objections, the Court **ACCEPTS and ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations as set forth above pursuant to § 636(b)(1), Defendant's Objections (Doc. 670) are **OVERRULED**, and Defendant's Motion to Suppress Statements (Doc. 402) is **DENIED**.

**SO ORDERED** this 12th day of March, 2015.

_____/s/ Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE